UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Janet Sheeley and Peter Lilja-Sheeley,

      Plaintiffs,

                               **ORDER**
v.                                Civil No. 12-2525  ADM/SER

City of Austin, Gold Cross
Ambulance Service, et al.,

      Defendants.

_____

Celeste E. Culberth, Esq., Culberth & Lienemann LLP, St. Paul, MN, on behalf of Plaintiffs.

Meghan L. DesLauriers, Esq., Dorsey & Whitney LLP, Minneapolis, MN, on behalf of Defendant Gold Cross Ambulance Service.

_____

This matter came before the undersigned United States District Court Judge on November 14, 2014 on Defendant Gold Cross Ambulance Service's ("Gold Cross") Motion for Summary Judgment [Docket No. 60]. On December 9, 2014, Defendants requested permission to file a supplemental brief in support of their motion. Def.'s Letter [Docket No. 71]. Gold Cross's request was granted and Plaintiffs were also permitted to file a supplemental brief. Order [Docket No. 72]. After review of the parties' initial and supplemental briefing, Gold Cross's motion is granted.

**I. BACKGROUND**

On November 16, 2011, Dustin Sheeley found his brother, Scott, lying on the floor in the basement of his home, appearing to be suffering from a seizure. Compl. [Docket No. 1] ¶¶ 13-15. Dustin called 911. Id. ¶ 15. During the emergency call, Scott regained consciousness and began acting erratically. Id. ¶ 16. Dustin, a United States Army medic, restrained Scott. Id. ¶ 17. Scott urinated on himself several times during his seizure. Id. ¶ 18. Dustin assisted Scott in

removing his wet pants.  Id.  Before Dustin could help Scott put on dry pants, two police officers and two paramedics arrived.  Id.  Dustin released Scott who then swung the urine-soiled pants toward Dustin.  Id. ¶ 19.

The police officers proceeded to physically restrain Scott, handcuff him and place him on his knees with his face in a chair.  Id. ¶ 20.  Scott was shaking and convulsing.  Id.  Dustin told the officers that Scott was having a seizure.  Id.  Additional officers arrived at the scene and one pulled out his taser, an electronic control device.  Id. ¶ 22.  A Gold Cross paramedic assisted the officer with the Taser by removing the top.  Dustin again yelled "[d]on't Taser him, he is having a seizure."  Id. ¶¶ 22 and 25.  The taser was applied to Scott at least four times.  Id. ¶ 26.

The Gold Cross paramedics then injected Scott with Haldol and Ativan, drugs known to have adverse respiratory effects.  Id. at ¶ 29-30.  Plaintiffs allege Scott then suffered respiratory and cardiac arrest.  Id. at ¶ 33.  In response, one of the police officers began administering CPR and one of the Gold Cross paramedics injected Scott with Nalozone in an effort to revive him.  Id. ¶¶ 46-48.  Other interventions were also performed.  Id. ¶¶ 47-49.  Scott regained a pulse and resumed breathing, but he was unconscious and unresponsive when removed from the home.  Id. ¶¶ 50-51.

Scott filed this lawsuit in October 2012 and alleged six claims against four named Defendants.  In December 2013, a little over two years after the incident, Scott died.  Def.'s Mem. Supp. Summ. J. [Docket No. 62] 3.  The cause of Scott's death was declared "undetermined."  In March 2014, Janet Sheeley and Peter Lilja-Sheeley were approved by the Court as "co-personal representatives of the estate of Scott Raymond Sheeley." Order [Docket No. 52].

Gold Cross now moves for summary judgment. The only claim against Gold Cross is count six, which alleges the paramedics were negligent in treating Scott at the scene. Compl. ¶ 98-101. Specifically, Plaintiffs allege that the Gold Cross paramedics caused Scott to suffer cardiac arrest and hypoxic brain injury. Pls.' Mem. Opp. Summ. J. [Docket No. 66] 1-2.

## II. DISCUSSION

### A. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure states a court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. "While a party moving for summary judgment has the burden of showing that there is no genuine issue of fact for trial, a nonmoving party seeking to avoid having summary judgment entered against it may not rest on mere allegations or denials, but must set forth specific facts sufficient to raise a genuine material issue for trial." Thomas v. Runyon, 108 F.3d 957, 959 (8th Cir. 1997).

A fact dispute is "material," and will thus preclude summary judgment, only if the dispute "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). And where the moving party has carried its burden, the nonmoving party must then "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The "very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Fed. R. Civ. P. 56(e) advisory committee's note to 1963 Amendment.

### B. Scott's negligence claim against Gold Cross

Gold Cross argues that Plaintiffs did not properly convert Scott's negligence claim after

his death to a wrongful death action under Minn. Stat. § 573.02. At the time of oral argument, Plaintiffs' counsel argued that Gold Cross' motion was premature because they had until December 1, 2014 to identify experts to testify about the cause or causes of Scott's death. And, although Plaintiffs do not address their alleged failure to properly obtain trustee status to maintain a wrongful death claim on behalf of Scott, they maintain the viability of their claim for special damages.

### 1. Personal injury claims die with victim

At common law, a claim for personal injury died with the victim. Ortiz v. Gavenda, 590 N.W. 2d 119, 121 (Minn. 1999) (citing Fussner v. Andert, 261 Minn. 347, 350-53 (Minn. 1961)). This principle is now codified in Minnesota by statute, with specific exceptions, which are also set forth by statute. Minn. Stat. §§ 573.01-02 (2014). Minn. Stat. § 573.01 states:

> A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided in section 573.02. All other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former and against those of the latter.

In this case, Scott's negligence claim that Plaintiffs now seek to maintain as representatives of his estate arises out of the Gold Cross paramedics alleged inappropriate administration of drugs that caused Scott to suffer cardiac arrest and hypoxic brain injury. Because Scott is now deceased, Plaintiffs' action—to be viable—must be recognized by the exceptions set forth in Minn. Stat. § 573.02.

### 2. Survival of wrongful death claims

Minnesota law allows trustees to maintain a decedent's wrongful death claim as a result of the wrongful act or omission of any person or corporation "if the decedent might have maintained an action, had the decedent lived . . . ." Minn. Stat. § 573.02, subd. 1. Specifically,

if an individual files a personal injury action but dies during the pendency of the lawsuit, the action "may be continued by the trustee for recovery of damages for exclusive benefit of the surviving spouse and next of kin . . . ." Id.  The trustees, however, must move the court to "make an order allowing the continuance and directing pleadings to be made and issues framed as in actions begun under this section." Id.  The statute also allows the appointed trustee to recover special damages when an individual suffers injury by a wrongful act or omission, but later dies from unrelated causes.  Minn. Stat. § 573.02, subd. 2.

Maintaining an action under subdivsion 1 or 2 of Minn. Stat. § 573.02 requires a trustee be appointed to sustain the decedent's action.  Minn. Stat. § 573.02, subd. 3.  This is accomplished by submitting a written petition to the Court.  Id.  Appointment of a trustee is a condition precedent to bringing a wrongful death action under Minn. Stat. § 573.02.  Ortiz, 590 N.W. 2d 119 at 122.  Absent a trustee, a wrongful death action under Minn. Stat. § 573.02 is a "legal nullity." Regie de l'assurance Auto.du Quebec v. Jensen, 399 N.W. 2d 85, 92 (Minn. 1987).  A wrongful death action to recover damages for alleged negligence of medical professionals must be filed within three years of a decedent's death.  Minn. Stat. § 573.02, subd. 1.

Plaintiffs have not been properly appointed as trustees under Minn. Stat. § 573.02 and are thus unable to maintain a claim against Gold Cross.  The record establishes that Plaintiffs are acting as co-personal representatives of Scott's estate.  However, estate representatives are not the equivalent to a wrongful death trustee.  As discussed by the Eighth Circuit in Steinlage v. Mayo Clinic Rochester:

> Sections 573.01 and 573.02, therefore, operate together to draw a clear distinction between (1) the personal representatives of the decedent (administrator, executor, etc.) and (2) the wrongful death trustee as the personal representative of the decedent's surviving spouse and next of kin. The decedent's estate and general creditors who hold claims against a decedent's estate cannot collect against judgments obtained by the wrongful death trustee because the wrongful death trustee is expressly authorized only to obtain judgments on behalf of persons who are separate from the estate of the decedent. See Martz v. Revier, 284 Minn. 166, 170 N.W.2d 83,85 (Minn. 1969) ("recovery for wrongful death is not a part of the decedent's estate").

435 F.3d 913, 916 (8th Cir. 2006). In short, "only a court-appointed wrongful death trustee may maintain a wrongful death action, and the wrongful death trustee does not represent the estate of the decedent." Id. at 917; see also In re Gilliard, 1992 Minn. LEXIS 400 (Minn. 1992) ("Minn. Stat. § 573.02, subd. 3 . . . requires the *appointment* of a trustee prior to the expiration of the 3-year statute of limitations, not the mere filing of a petition therefor within the statutory period.") (emphasis in original). Because Plaintiffs have not been appointed as trustee by the Court, they cannot pursue a wrongful death claim against Gold Cross. Scott's personal injury action against Gold Cross died with him, leaving Plaintiffs no cause of action to pursue against Gold Cross as the personal representatives of Scott's estate.[1]

---

[1] Gold Cross sought permission to file a supplemental brief to address Plaintiffs' claim that it had until December 1, 2014 to identify and obtain an expert regarding the cause of Scott's death in support of their negligence claim against Gold Cross. Gold Cross' supplemental brief argues that, in addition to the legal insufficiencies pointed out in their first memorandum, Plaintiffs failed to timely disclose the experts necessary to support any special damages and wrongful death claims. Def.'s Supplemental Mem. [Docket No. 73]. Plaintiffs' supplemental brief argues that the experts already retained will provide the jury a sufficient basis on which to make an informed decision about Gold Cross' liability and related special damages. Pls.' Supplemental Mem. [Docket No. 75]. Because Plaintiffs have no cause of action to maintain absent obtaining trustee status under Minn. Stat. Minn. Stat. § 573.02 573.02, subd. 3, the Court need not address this issue.

### III.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Gold Cross' Motion for Summary Judgment is **GRANTED**.

BY THE COURT:


　　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 6, 2015.